No. 126.—A. WINTER *v.* S. B. JONES.

A promissory note, given for Confederate notes or bonds as an equivalent, is void for want of a legal consideration.

APPEAL from the Tenth District Court, parish of Caddo. `Levisee,` J. J. W. *Duncan,* for plaintiff and appellee. *Land* and *Taylor,* for defendant and appellant.

This case was tried by a jury in the court below.

LUDELING, C. J. This is a suit on a promissory note, secured by mortgage, against the maker. The defense is that the consideration of the note was Confederate money or bonds, an unlawful currency issued to assist in subverting the government of the United States. The plaintiff filed an amended petition and prayed for a jury, which was properly allowed by the district judge.

The case was submitted to a jury who rendered the following verdict: " We, the jury, find for the plaintiff in the sum of six hundred and fifty dollars, in United States currency, without interest." The balance claimed on the note was $4862 83, with interest. A new trial was granted by the district judge; and the case was a second time submitted to a jury, who found a verdict for the plaintiff for $4862 83, without interest. And judgment was rendered in accordance with the verdict.

Both verdicts seem to have been the result of compromises.

The only question at issue is, was the consideration of the note Confederate money or not? Both the plaintiff and the defendant have testified in this case, and as is usual, their testimony is somewhat conflicting.

The plaintiff swears that cotton, loaned by him to the defendant, was the consideration of the note; while the defendant swears that Confederate States bonds or notes constituted the consideration. Jones swears that Winter sold his cotton to the Confederate States for bonds or notes, and loaned him the bonds or notes, for which he executed the note in suit. The Confederate States' agent says he bought the cotton for the Confederate States ; that he took an order from Winter directing Jones (on whose place the cotton was stored), to deliver the cotton to him ; that the cotton was weighed and delivered by Jones, and that he gave to Jones a certificate for the amount of the cotton, payable to the order of Winter. And Winter himself says he " turned over the bonds to Jones."

It is clear Winter never ceased to be the owner of the cotton until, by his consent and order, the cotton was sold and delivered to the Confederate States for bonds or notes ; and these notes were turned over to Jones by Winter, who had collected them on the certificate given by the purchasing agent of the Confederate States. For the use

of these bonds or notes the obligation sued on was given. Under the settled jurisprudence of this State such obligations can not be enforced by the courts.

It is, therefore, ordered that the verdict of the jury be set aside, that the judgment of the court *a quo* be reversed, and that there be judgment in favor of the defendant, rejecting the plaintiff's demand, with costs in both courts.

Rehearing refused.